UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC COURTNEY HUNTER,<br><br>Defendant. | Case No.: 1:17-cr-00037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a two-page pro se document which the Court will construe as a motion for an extension of time in which to file a § 2255 motion. *See* Dkt. 128. The government has not filed a response. For the reasons explained below, the motion is moot.

# DISCUSSION

In November 2020, Mr. Hunter asked the Court for an extension of time in which to file his motion under 28 U.S.C. § 2255. A few weeks later – and before the Court had a chance to rule on his request – Mr. Hunter went ahead and filed his § 2255 motion. Based on the Court's calculations, Mr. Hunter filed his motion within the one-year limitations period and therefore does not need an extension.

**MEMORANDUM DECISION AND ORDER - 1**

The more specific details are as follows:

On August 15, 2018, this Court sentenced Defendant to 262 months' imprisonment. Mr. Hunter appealed the Court's application of two sentencing enhancements. The Ninth Circuit affirmed on November 13, 2019 and later, on January 29, 2020, denied a petition for rehearing. Mr. Hunter then had 90 days – or until April 28, 2020 – within with to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1, 13.3.[1] The one-year limitations period for filing a § 2255 motion did not begin ticking until Hunter's deadline for filing a cert petition expired. *See generally Clay v. United States,* 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Mr. Hunter filed his § 2255 in January 2021 – well within the limitations period.

---

[1] Supreme Court Rule 13.3 states:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). *But if a petition for rehearing is timely filed in the lower court by any party, . . . the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or*, if rehearing is granted, the subsequent entry of judgment.

(emphasis added).

**MEMORANDUM DECISION AND ORDER - 2**

## ORDER

**IT IS ORDERED that** Defendant Eric Courtney Hunter's unopposed, pro se request – construed as a motion for an extension of time (Dkt. 128) – is **DEEMED MOOT.**

DATED: March 10, 2021

B. Lynn Winmill
U.S. District Court Judge